IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL CASE NO. PWG-13-249** |
| **JEAN-CLAUDE ROY,** | * | **(Civil Case No.: PWG-16-3685)**[1] |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Jean-Claude Roy was charged in a thirteen-count indictment with, *inter alia*, interstate transportation for prostitution, in violation of 18 U.S.C. § 2421 (Counts 4, 7, 9); conspiracy to commit sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1594(c) (Count 5); and witness and evidence tampering, in violation of 18 U.S.C. § 1512(b)(2)(B) (Count 10).[2] ECF No. 64. A ten-day jury trial began on March 4, 2014, and the Court orally granted the Government's motion to dismiss three other counts in the Second Superseding Indictment. ECF Nos. 161, 162. At the conclusion of trial, the jury convicted Roy on Counts 4, 5, 7, 9, 10 and acquitted him on the five remaining counts. ECF No. 182. On July 22, 2014, the Court sentenced Defendant to 120 months' incarceration on the interstate transportation for prostitution counts, 240 months' incarceration on the conspiracy count, and 240 months' incarceration on the witness and evidence tampering count, all to be served concurrently. Jmt., ECF No. 244. The Court also imposed supervised release terms of ten years as to the interstate transportation for

---

[1] The ECF Numbers cited herein refer to the documents filed in Defendant's criminal case.

[2] Counts 9 and 10 originally were Counts 12 and 13 of the Second Superseding Indictment, but they were renumbered for trial purposes after the Court dismissed three other counts of the Second Superseding Indictment.

prostitution counts, five years as to the conspiracy count, and three years as to the witness and evidence tampering count, to run concurrent to all other counts. *Id.* Roy appealed, ECF No. 246, and the Fourth Circuit affirmed his conviction and sentence. *See United States v.* Roy, 630 F. App'x 169 (4th Cir. 2015) (per curiam).

Now pending is Roy's Motion under 28 U.S.C. § 2255 to Vacate Set Aside, or Correct Sentence, ECF No. 331. He has submitted a thorough Memorandum in Support, ECF No. 335, and the Government has filed a comprehensive Opposition, ECF No. 340. Roy contends that his trial counsel provided ineffective assistance in three regards and his appellate counsel provided ineffective assistance in another regard. Specifically, he argues that, when the jury posed a question about the conspiracy count and the Court provided an answer that did not augment the jury instructions, his trial counsel failed to object or request additional instructions. Relatedly, he also argues that his trial counsel failed to object to the jury instructions pertaining to the conspiracy charge. Additionally, he asserts that his trial counsel failed to request a *Franks*[3] hearing and to move to suppress evidence when, as he sees it, the evidence included search warrants with false statements. And, he contends that his appellate counsel did not raise all of the issues Roy wanted him to raise. But, Roy has not shown that either attorney's performance was constitutionally deficient or demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Accordingly, I will deny his § 2255 Motion.

## Standard of Review

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United

---

[3] *Franks v. Delaware*, 438 U.S. 154 (1978).

States . . . ." The prisoner must prove his case by a preponderance of the evidence. *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Although "a *pro se* movant is entitled to have his arguments reviewed with appropriate deference," the Court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4562276, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir.1978); 28 U.S.C. § 2255(b)).

To prevail on a claim of ineffective assistance of counsel as the alleged Constitutional violation,

> [t]he petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id*. at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). Furthermore, the petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297. "If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297 (citing *Strickland*, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court may not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under ... *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993)).

*United States v. Lomax*, Civil No. WMN-13-2375 & Crim. No. WMN-10-145, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014).

To show prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). A probability is reasonable if it is "sufficient to undermine confidence in the outcome." *Id.* Additionally, the defendant must show that "the 'result of the proceeding was fundamentally unfair or unreliable.'" *Lomax*, 2014 WL 1340065, at *2 (quoting *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993))); *see also Lockhart*, 506 U.S. at 369 ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). If the defendant fails to show prejudice, the Court need not consider the performance prong. *Id.*

## Discussion

*Challenges Related to Jury Instructions on Conspiracy*

The Government summarizes the relevant parts of trial underlying the first two grounds that Roy raises, and I incorporate by reference the factual background it provides in its Opposition. Gov't Opp'n 5–6. I also adopt its well-reasoned analysis of the issue. *See id.* at 7–14. Notably, counsel's performance was not deficient in failing to object to the jury instructions on the conspiracy count, or the Court's response to the jury question about the conspiracy instructions, because there was no basis for an objection: The instructions, viewed as a whole, made clear that the jury had to find that Roy conspired to commit an unlawful act, namely sex trafficking by force, fraud, or coercion. *See United States v. Green*, 599 F.3d 360, 378 (4th Cir. 2010) (instructions, taken as a whole, must accurately state the law). Moreover, Roy has not shown a reasonable probability that, with the instruction or clarification he wanted, the jury

would not have convicted him, given the strength of the evidence of force, fraud, or coercion; as a result, he has not shown prejudice.

*Failure to Request* Franks *Hearing*

Again, I incorporate by reference the factual background that the Government provides in its Opposition regarding how trial counsel handled the possibility of a *Franks* hearing. Gov't Opp'n 15–16. I also adopt the Government's well-reasoned analysis of this issue. *See id.* at 17–22. Preliminary, trial counsel simply did not fail to request a *Franks* hearing: He requested one in accordance with his client's wishes. *See* Jan. 27, 2014 Mot. Hr'g Tr. 56:8–20, ECF No. 269 ("At the insistence of Mr. Roy, I am formally requesting a *Franks* hearing at this point. I think the Court and counsel are at the same level of understanding as to the legal basis and the underpinnings to a request for a *Franks* hearing, which I am not, in my view, in a position to make at this time, but Mr. Roy has insisted that I place on the record the Defense request for a *Franks* hearing at this point. . . . I'm only going to ask that it not impinge upon in any way our entitlement to making such a request at some point in the future when counsel determines it's appropriate."). Additionally, he filed other motions to suppress and explained in open court why he did not believe he could make the showing necessary for a *Franks* hearing. *See id.* at 8:20 – 9:16. And, the Court denied the request for a *Franks* hearing. *Id.* at 56:21 – 57:19. Thus, his performance was both reasonable and did not cause prejudice. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (stating that counsel is not required to pursue a meritless claim).

It is also significant that, in focusing on the statements that he met co-conspirator Brittney Creason on Facebook in August 2012, when he insists that he did not meet her until November 2012, and that he held a gun to her head, when he maintains that he did not, Roy has not made a sufficient showing that these were deliberate falsehoods when included in the

5

affidavits he identifies; he only has offered a note that he wrote to counsel. *See United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) ("Th[e] [defendant's] showing 'must be more than conclusory' and must be accompanied by a detailed offer of proof.") (quoting *Franks*, 438 U.S. at 171). Further, even with the alleged falsehoods excised, the affidavits still supported a finding of probable cause. *See id.*; *see also United States v. Fisher*, 711 F.3d 460, 468 (4th Cir. 2013).

*Ineffective Assistance of Appellate Counsel*

Once again, I incorporate by reference the factual background that the Government provides in its Opposition regarding appellate counsel's selection of issues to raise on appeal. Gov't Opp'n 23–24. I adopt the Government's insightful analysis of this issue, as well. *See id.* at 24–27. Notably, "[t]o prevail on an ineffective-assistance claim, the defendant must show that his attorney's actions 'were outside the wide range of professionally competent assistance,' rather than strategic decisions to which the court must defer." *Davila v. Davis*, 137 S. Ct. 2058, 2074 (2017) (quoting *Strickland*, 466 U.S. at 690–91). "Strategic decisions and tactical judgments are 'virtually unchallengeable.'" *Blair v. United States*, No. PJM 08-0505, 2016 WL 6569064, at *4 (D. Md. Nov. 4, 2016) (quoting *Powell v. Kelly*, 562 F.3d 656, 670 (4th Cir. 2009)), *appeal dismissed sub nom. United States v. Blair*, No. 16-7609, 2017 WL 1735267 (4th Cir. May 3, 2017). And, while a defendant controls certain aspects of his case, such as whether to testify, he does not control an attorney's trial or appellate strategy. *See Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) (holding that, while "the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal" and "may elect to act as his or her own advocate," he does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment,

6

decides not to present those points," especially given "the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review"). Thus, Roy's appellate attorney had the responsibility of "winnowing out weaker arguments on appeal" and the discretion to make that call. *See id.* Roy certainly has not overcome the "strong presumption that counsel's conduct was within the wide range of reasonable professional assistance" when he selected the issues to raise on appeal. *See Lomax*, 2014 WL 1340065, at *2; *see also Davila*, 137 S. Ct. at 2074; *Strickland*, 466 U.S. at 689–91.

## Conclusion

In sum, Roy has not shown that his trial counsel's performance was constitutionally deficient with regard to the jury instruction issues or the request for a *Franks* hearing. Nor has he shown that his appellate counsel's performance was unreasonable when he chose to raise only a subset of the claims Roy wanted to raise on appeal. In short, Roy has failed to demonstrate that his trial counsel, Michael Montemarano, or appellate counsel, Gary Proctor, provided constitutionally deficient representation. But lest the excellent work of these two experienced criminal defense attorneys be doomed by faint praise, the record reflects that their representation of Roy was far more than the constitutional minimum. It was skillful, professional, and zealous. If more was required of them in this case than they provided, then it is difficult to imagine that any attorney could pass Sixth Amendment muster. Further, Roy has not shown prejudice. *See Strickland*, 466 U.S. at 694. Accordingly, I will deny his § 2255 Motion.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown v. United States*, Civil No. DKC-10-2569, Crim. No.

7

DKC-08-529, 2013 WL 4562276, at *10 (D. Md. Aug. 27, 2013). This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits . . . by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Roy has not shown that a reasonable jurist "would find the court's assessment of the constitutional claim[] debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate of appealability. *See id.*; 28 U.S.C. § 2253(c)(2). *Miller-El*, 537 U.S. at 336–38; *Slack*, 529 U.S. at 484. However, this ruling does not preclude Roy from seeking a certificate of appealability from the Fourth Circuit. *See* 4th Cir. Loc. R. 22(b)(1).

## **ORDER**

For the reasons stated above, it is, this <u>31st</u> day of <u>July</u>, <u>2017</u>, hereby ORDERED that

1. Defendant's § 2255 Motion, ECF No. 331, IS DENIED; and
2. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-13-249 and Civil Action No. PWG-16-3685, to MAIL a copy of it to Defendant and the Government, and to CLOSE Civil Action No. PWG-16-3685.

                                                        /S/
                                        Paul W. Grimm
                                        United States District Judge

lyb